THE STATE, use of ELIZA READING'S Adm'r. *vs.* The *terre-tenants* of PHILIP READING, deceased.

Proof of facts amounting to a payment or *discharge in law*, does not support a plea of actual *payment*.

Evidence of a bond to *Sarah Eliza* R. does not support the averment of a bond to *Eliza* R.

The admissions of a party having a community of interest with the other defts. are evidence against all.

SCIRE facias on a recognizance in the Orphans' Court.

This was an action of scire facias on a recognizance entered into in the Orphans' Court of Newcastle county, by Philip Reading, on the 16th Sept. 1813, in $28,770 36, conditioned to pay to the other children of Philip Reading, deceased, or their legal representatives their respective shares of $14,385 18, the appraised value of the lands of said Philip Reading, deceased, with interest from 25th June, 1813, in instalments. The defts. pleaded—

First plea. *(Payment.)* *Executio non*—"because (protesting that the said writ of scire facias is not directed nor issued against the heirs nor representatives of the said P. R., the recognizor, nor hath any writ of sci. fa. issued or been sued on said recognizance, against the heirs or representatives of the said P. R., and that the return made by the sheriff to the said writ of sci. fa. is ill, and of no effect against the defts., the said sheriff not having returned that they, or either of them are seized, possessed, or are terre-tenants of any or what lands within his bailiwick, or in the county of Newcastle, which were of the said P. R. on the said 16th Sept. 1813, or at any time since, nor that they are tenants of all the lands in his bailiwick, or in the county of Newcastle, which were of the said P. R. on the said 16th of Sept. or at any time since;) they say, that the said P. R., after the said 16th Sept. A. D. 1813, and after the times of payment in the said condition mentioned, and before the commencement of this suit, to wit: on the —— day of ——, A. D. 18—, at Newcastle county aforesaid, *paid* to the other children of P. R. deceased, their equal and proper shares of $14,385 18 in the said condition mentioned, together with all interest then due thereon, according to the form and effect of the said condition of the said recognizance; and this they are ready to verify, wherefore they pray judgment."

Second plea. *(Accord and satisfaction.)* And for a further plea in this behalf, *executio non, &c.*, "because (protesting as aforesaid,) they say that the said P. Reading, the recognizor, after the said 16th Sept. A. D. 1813, and after the days and times of payment in the said condition mentioned, and before the commencement of this suit, to wit: on the 3d of April, A. D. 1819, at Newcastle county afs'd. *made* and *sealed*, and as his act and deed *delivered to the said Eliza Reading* then in full life, one of the other children of P. Reading, deceased, and for the use of whose adm'r. this suit is brought, his, the said P. Reading, the recognizors, certain writing obligatory in the penal sum of $6,000, of lawful money of the U. States; conditioned for the payment of $3,000 of like lawful money, and interest for the same, *by the said P. Reading* to the said *Eliza*, at a certain time therein mentioned and now elapsed, with warrant of attorney to confess judgment thereon, and which said writing obligatory the said P. R. then and there delivered to the said *Eliza*, who caused judgment to be entered on said bond against the said Philip, in the Court of Common Pleas of the state of Delaware, at Newcastle in said county, on the 5th of April, A. D. 1819, as of the ―― term of the said court, in the same year last afs'd., for the real debt of $3,000 with interest from the 3d day of April, in the same year as afs'd., with stay of execution until the 3d of May, A. D. 1819, as by the record and proceedings thereof, still remaining in the said Court of Common Pleas, more fully and at large appears; which said judgment still remains in full force and effect; and the said Eliza then and there accepted and received as afs'd., said bond and warrant of attorney from the said Philip, and entered judgment thereon as afs'd., in full *satisfaction* and discharge of her, the said Eliza's proportionable share of the said recognizance, and of all damages and sums of money thereupon due and owing, or accrued; and this they are ready to verify, wherefore they pray judgment." *Wales* pro deft.

The following plea was added, by leave of the court.

Third plea. *(A special plea of payment out of a particular fund.)* *Executio non*—"because they say that after the 16th of Sept. A. D. 1813, in the said recognizance mentioned, and before the commencement of this suit, the amount due to the said state of Delaware for the use of the said ―――― ―――――, by virtue of the said recognizance, was paid and satisfied by the said ―――― ―――――, out of the sales of the real estate of the said William Price, one of the recognizors afs'd., made by the sheriff of Newcastle county, by virtue of a writ of levari facias, No. ―, to the March term of the Superior Court of Newcastle county, in the year 1819, issued at the suit of ―――― ―――――; and also by virtue of a writ of venditioni exponas, No. ―, to Nov. term of the said court for the year last af'sd., issued at the suit of the said ―――― ―――――; and this the said ―――― ―――――, are ready to verify; wherefore, they pray judgment, &c." *Rogers* pro deft.

Replications and issues.

The plff. exhibited the letters of administration on the estate of Eliza Reading; the recognizance of Philip Reading; the valuation

of the real estate of Philip Reading, deceased; the share of Eliza Reading $2,877 03, and he rested.

*Wales* for defts.

Eliza Reading was the youngest child. She came of age in 1818. In 1819, a family arrangement was entered into by which Philip Reading gave his judgment bond to each of the heirs in discharge of their shares, and in full satisfaction of the recognizance. During all her life Eliza Reading rested satisfied with this arrangement, and set up no claim on the recognizance. The land of William Price, one of the recognizors, was sold by the sheriff; and, we contend, that this sale was in law a satisfaction of the recognizance; the sheriff being bound by law to apply the proceeds of the sale to it. Exhibits a judgment, Sarah Eliza Reading *vs.* Philip Reading, for the real debt of $3,000, interest from 3d April, 1819; entered 5th April 1819:

Offers in evidence a bond from Philip Reading to Sarah Eliza Reading, on which this judgment was entered. Objected to. Deposition of the attesting witness read.

Objection. The plea alledges a bond to Eliza Reading; the bond offered in evidence is a bond to *Sarah* Eliza Reading, and does not support the plea.

Mr. *Rogers* for defts. The averment in the plea is nothing more than that Philip Reading delivered a bond to Eliza Reading, and not that the bond was to Eliza Reading by that name.

Mr. *Wales* for defts The gist of the plea is, that a certain bond executed by Philip Reading, was accepted by Eliza Reading in satisfaction of her share of the recognizance. We offer this bond to support this plea, and it matters not to whom it was given, so that it was delivered to, and accepted by, Eliza Reading in satisfaction of the recognizance.

*The Court.* This plea purports to set out an obligation from Philip Reading to Eliza Reading. Such a description was necessary, because an obligation from Philip Reading to nobody, would be a nullity. The bond offered in evidence is to Sarah Eliza Reading, which is a fatal variance. Where an instrument is set out in a narr or plea, it must be accurately described; and the proof support it accurately. 3 *Stark. Ev.* 1588. *Strange* 787. Bond rejected.

The deft. then offered in evidence, a statement of judgments against William Price, a surety in this recognizance, and the process upon them, and the sales of Price's lands, to support his third plea. Objected to.

Mr. *J. A. Bayard.*—Under this plea the deft. can show nothing but an actual payment, or application of the proceeds of the sales to the recognizance. The plea is, that we were actually paid out of this fund, and the fact that the sales were sufficient and legally applicable to this recognizance, is not sufficient without showing the application of them.

Mr. *Rogers.*—We don't intend to prove any thing more by this paper than the existence of the judgments and writs, and the sale by the sheriff.

4

This was not objected to. and they were admitted for the purpose of raising the question whether they supported the plea. The amount of sales of Price's land applicable to this recognizance was $1,634 50.

*Bayard.*—The plea is a plea of payment, actual payment. The proof is of a legal payment; a payment by operation of law, and is not admissible under this plea.

*The Court.*—This is a general plea of payment; out of a particular fund it is true, but that does not vary the case. It does not state the facts so that the court may say whether in law they amount to a payment. A plea of actual payment is not supported by evidence of a legal payment. This is the case of a debt *discharged* by operation of law according to the proof, rather than of a *payment* as alledged by the plea. We therefore think the evidence inadmissible.

The plff. in reply, offered in evidence the answer of Peterson Reading, one of the terre-tenants in this case, to a bill in Chancery. Objected to.

*Rogers.*—Peterson Reading is only a terre-tenant. His connection as one of the heirs of Philip Reading does not appear. He may not be at all interested here, yet his admission is offered in evidence to bind all the defts.

*Bayard.*—By this reasoning we might have the separate admission of each deft. and yet could produce no evidence against any. They can't take advantage of their mode of pleading jointly, so as to exclude the separate admissions of each.

*Wales.*—The difficulty arises from the improper service of the original process. This is a proceeding against the land, and yet the defts. are summoned personally. I can't see how they could plead *non tenure.*

*The Court.*—The rule is clear that the admissions of a party are evidence against him; and can the mode of the deft's. pleading in this case, deprive the plff. of his right to this testimony? The English rule is, that you must make the heir a party; but the practice is different here. We always issue our *sci. fa.* against the *terre-tenants.*

Note. The inclination at first was to confine the effect of this answer to the deft. Peterson Reading; at present, the court directed it to be read, leaving any opinion as to its application for charge to the jury. Upon examination of this question the opinion of all the court was, that the answer of Peterson Reading is evidence against all the terre-tenants, on the principle of the admission of a party having a community of interest with the other parties. 2 *Starkie Ev.* 44.

Mr. *Booth* for plff., to the jury, stated his claim to be $6,135 70 principal and interest.

Charge of the court to the jury.

Clayton, C. J.—This is an action of scire facias on a recognizance in the Orphans' Court, on the acceptance of intestate lands. The record of the recognizance is sufficient evidence of the plff's· claim, unless it has been discharged. The pleas are payment, ac-

cord and satisfaction, and payment out of the sales of lands of William Price, one of the sureties in the recognizance.   No evidence has been offered under the first plea.   The second plea is, that "Philip Reading executed any delivered his bond to Eliza Reading, which was received in full satisfaction and discharge of the recognizance.   The evidence is of a bond to Sarah Eliza Reading, which does not support this plea.   We are not aware that there is any evidence that this bond was accepted in satisfaction of the recognizance; and there must be both accord and satisfaction to support this plea. The other plea is of a payment out of the sales of William Price's lands.   The evidence is, that the lands of Price, bound by this recognizance, were sold by the sheriff, the proceeds of which sale, or a part of them, the defts. contend, were legally applicable to this recognizance, and ought to have been applied to it.   This is not a payment.   If the facts had been stated in a special plea, it might have been a discharge of the recognizance *pro tanto;* but under this plea they are inadmissible.

Verdict for plff. for $6,135 70.

*Booth* and *J. A. Bayard* for plff.
*Wales* and *Rogers* for defts.

(Note.   The facts relied on in support of this last plea if properly pleaded, would have brought up the question decided in the High Court of Errors and Appeals in the case of *Vickery* vs. *Vickery.* The decision there was that a sale, by the sheriff, of lands bound by a recognizance in the Orphans' Court, operated as a *discharge* of the recognizance, *pro tanto.*)